UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


RODNEY DES JARDINS,

        Plaintiff,

                                         Case No. 2:19-cv-00252

v.

                                         Hon. Paul L. Maloney

COMMUNITY ACTION ALGER-
MARQUETTE,

        Defendant.
_____

| | |
|---|---|
| HANSHAW BURINK, PLC | MILLER, CANFIELD, PADDOCK AND |
| SANDRA HANSHAW BURINK  (P-68619) | STONE, P.L.C. |
| Attorney for Plaintiff | MEGAN P. NORRIS  (P-39318) |
| 501 Hillside Drive | NHAN T. HO (P-82793) |
| Marquette, MI  49855 | Attorneys for Defendant |
| (906) 273-1551 | 150 West Jefferson, Suite 2500 |
| shburink@hb-lawoffices.com | Detroit, Michigan  48226 |
| | (313) 963-6420 |
| | norris@millercanfield.com |
| | ho@millercanfield.com |

_____/


**DEFENDANT'S MOTION FOR LIMITED RECONSIDERATION
OF THE PORTION OF THE COURT'S SEPTEMBER 23, 2021 ORDER (ECF NO. 32)
DENYING SUMMARY JUDGMENT AS TO PLAINTIFF'S
DISCRIMINATION/RETALIATION CLAIM UNDER THE FMLA**

Pursuant to W.D. Mich. LCivR 7.4, Defendant, Community Action Alger-Marquette ("CAAM" or "Defendant"), seeks limited reconsideration of the Court's February 10, 2021 *Opinion* granting in part and denying in part Defendant's motion for summary judgment (ECF No. 32, PageID. 695-710) ("Order").  In support of this Motion, Defendant states:

1.      On September 23, 2021, this Court entered the aforementioned Order.  While granting Defendant's Motion for Summary Judgment as to Counts I-III and V-VII of Plaintiff's Complaint, the Court denied summary judgment as to Count IV of Plaintiff's Complaint, which alleged violation of the Family and Medical Leave Act for discrimination/retaliation in violation of the FMLA (*Id.*, PageID. 705-07).

2.      Defendant is requesting that the Court reconsider, modify and amend the part of the Order denying summary judgment Count IV because the Court inadvertently did not address CAAM's argument that Plaintiff to establish that even if Plaintiff established a *prima facie* case of discrimination or retaliation under the FMLA, CAAM articulated a legitimate, non-discriminatory/non-retaliatory reason for its action, and Plaintiff has no evidence to show that such a reason was a pretext for discrimination or retaliation.

3.      These errors constitute palpable defects by which the Court and the parties have been misled, the correction of which will result in a different disposition of the case, specifically, the dismissal of Count IV.

4.      Pursuant to W.D. Mich. LCivR 7.1, on September 28, 2021, CAAM provided Plaintiff's counsel with all of the arguments set forth in this Motion and Brief and requested that Plaintiff agree to the relief requested herein.  Such concurrence has been denied, making this motion necessary.

WHEREFORE, Defendant requests that the Court reconsider, modify and amend its September 23, 2021 Order and dismiss Count IV of Plaintiff's Complaint.

Respectfully submitted,

/s/Megan P. Norris
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
norris@millercanfield.com
P39318

Dated:  September 28, 2021

- 2 -

UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY DES JARDINS,

       Plaintiff,

                                       Case No. 2:19-cv-00252

v.

                                       Hon. Paul L. Maloney

COMMUNITY ACTION ALGER-
MARQUETTE,

       Defendant.

_____

| | |
|---|---|
| HANSHAW BURINK, PLC | MILLER, CANFIELD, PADDOCK AND |
| SANDRA HANSHAW BURINK  (P-68619) | STONE, P.L.C. |
| Attorney for Plaintiff | MEGAN P. NORRIS  (P-39318) |
| 501 Hillside Drive | NHAN T. HO (P-82793) |
| Marquette, MI  49855 | Attorneys for Defendant |
| (906) 273-1551 | 150 West Jefferson, Suite 2500 |
| shburink@hb-lawoffices.com | Detroit, Michigan  48226 |
| | (313) 963-6420 |
| | norris@millercanfield.com |
| | ho@millercanfield.com |

_____/

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR LIMITED RECONSIDERATION
OF THE PORTION OF THE COURT'S SEPTEMBER 23, 2021 ORDER (ECF NO. 32)
DENYING SUMMARY JUDGMENT AS TO PLAINTIFF'S
DISCRIMINATION/RETALIATION CLAIM UNDER THE FMLA**

## STATEMENT OF RELEVANT FACTS

On March 30, 2021, CAAM filed its *Motion for Summary Judgment* ("Motion") (ECF No. 23, PageID.79-441).  In its Motion, GOLM sought to, among other things, dismiss Plaintiff's discrimination/retaliation claim under the Family and Medical Leave Act ("FMLA") (*Id.*, PageID.125-26).  Analyzing the case under the burden-shifting framework applicable to a FMLA discrimination/retaliation claim as stated in *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274 (6th Cir. 2012), CAAM argued that Plaintiff's discrimination claim should be dismissed because Plaintiff failed to establish a *prima facie* case of discrimination (*Id.,* PageID.125, citing *Seeger*, 681 F.3d at 283).  CAAM then argued that even if Plaintiff had established a *prima facie* case, CAAM had articulated a legitimate business reason for its actions – Plaintiff did not provide Defendant with any doctor's note to allow him to return to work with a reasonable accommodation, did not return to work after his FMLA leave expired, and sent a letter to his colleagues indicating he was leaving the agency (*See Id.,* PageID.119-121, 124-25, 126).  Plaintiff has no evidence to show that CAAM's explanation was a pretext for unlawful discrimination or retaliation for Plaintiff's exercise of FMLA rights (*Id.*, PageID. 126, citing *Seeger*, 681 F.3d at 285).

On May 4, 2021, Plaintiff filed his *Response to Defendant's Motion for Summary Judgment* ("Response") (ECF No. 27, PageID.445-481).  In response to Defendant's argument that Plaintiff could not meet his burden to prove a FMLA retaliation/discrimination claim, Plaintiff stated only:

> For the reasons set forth herein and without reiterating what has been set forth above, Plaintiff can also demonstrate that he was retaliated against for taking his FMLA leave.  Again, Defendant can point to no factor to explain why he was not allowed to return to work upon notice from his doctor that he could work.

(*Id.*, PageID.480).

In its Reply Brief in Support of Defendant's Motion for Summary Judgment ("Reply Brief") (ECF No. 29, PageID. 572-690), CAAM challenged the veracity of Plaintiff's assertion

that there was a "notice from his doctor that [Plaintiff] could work," noting that Plaintiff's doctor indicated that Plaintiff could only return to work "if" he was permitted to work out of the remote office 100 percent of the time (ECF No. 29, PageID.584).  As this Court found, Plaintiff "could only performed his essential job functions in the Marquette office, at least in part-time capacity" (ECF No. 32, PageID.703).  Thus, CAAM rightfully found that the condition set by Plaintiff's doctor – in order for Plaintiff to return to work he would have to be allowed to work in Munising – could not be reasonably accommodated.  CAAM explained in its Reply Brief, with supported authority, that it was not required to violate the order of Plaintiff's doctor (ECF No. 29, PageID. 584).  CAAM pointed out that there were no fitness-for-duty certification which indicated that Plaintiff could return to work, and the reason for which Plaintiff went out on FMLA leave continued to exist (*Id.*).  CAAM then reiterated, "CAAM has explained with well-supported argument the reason why Plaintiff could not return to work absent a fitness-for-duty certification from his doctor.  Plaintiff does not have any evidence to show that CAAM's reasons were pretexts for unlawful discrimination or retaliation." (*Id.*, PageID.585)

On September 23, 2021, the Court entered an *Opinion* granting in part and denying in part Defendant's Motion for Summary Judgment ("Order") (ECF No. 32, PageID.695-710).   With regard to Plaintiff's discrimination/retaliation claim under the FMLA, the Court utilized the framework set forth in *Seeger,* which requires Plaintiff to establish a *prima facie* case of discrimination or retaliation (*Id.*, PageID.705).  After finding that "a genuine issue of material fact exists as to whether Plaintiff suffered an adverse employment action and whether a causal connection existed between his FMLA leave and the potential adverse employment action," the Court denied CAAM's motion for summary judgment on Plaintiff's FMLA discrimination/retaliation claim (*Id.*, PageID. 705-07).  But, in doing so, the Court inadvertently

did not address Defendant's argument that even if Plaintiff can establish a *prima facie* case of discrimination, CAAM has articulated a legitimate, nondiscriminatory reason for its actions and Plaintiff has offered no evidence to show that CAAM's reasons was mere pretext for discrimination or retaliation.

## ARGUMENT

W.D. Mich. LCivR 7.4, which governs motions for reconsideration, states:

> (a)  <u>Grounds</u> - Generally, and without restricting the discretion of the court, motions for reconsideration which merely present the same **issues ruled upon** by the court shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof.

(emphasis added).  No response to a motion for reconsideration may be filed unless the Court orders otherwise.  W.D. Mich. LCivR 7.4 (b).

As noted above, the Court did not rule, either expressly or by reasonable implication, on Defendants' argument seeking dismissal of Plaintiff's FMLA discrimination/retaliation claim based on Plaintiff's failure to show that the legitimate, nondiscriminatory reason articulated by CAAM for its actions was pretext for unlawful discrimination or retaliation.

Plaintiff has presented no evidence to show CAAM's articulated reasons for its action were a pretext for discrimination/retaliation.  It is undisputed that Plaintiff's doctor said Plaintiff could not return to work in Marquette, so Plaintiff was unable to return to work even though his FMLA leave had expired.  It is also undisputed that Plaintiff sent a letter to his colleagues saying goodbye. There is no law that required CAAM to keep Plaintiff on leave indefinitely.  Therefore, Plaintiff's FMLA retaliation/discrimination claim must fail.  *See Seeger,* 681 F.3d at 284-87 (affirming the district court's grant of summary judgment on an FMLA retaliation claim because, even though the plaintiff could show a *prima facie* case, the defendant had articulated a legitimate,

- 3 -

nondiscriminatory reasons for discharging the plaintiff and plaintiff could not show that his termination was a pretext for discrimination).

This error constitutes a palpable defect by which the Court and the parties have been misled, the correction of which will result in a different disposition of the case, specifically, the dismissal of Count IV of Plaintiff's Complaint alleging discrimination or retaliation under the FMLA.

WHEREFORE, CAAM requests that the Court reconsider, modify and amend its September 22, 2021 Order and grant summary judgment on Plaintiff's remaining claim of discrimination/retaliation in violation of the FMLA.

Respectfully submitted,

/s/Megan P. Norris
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
norris@millercanfield.com
P39318

Dated:  September 28, 2021

## CERTIFICATION PURSUANT TO LCivR 7.3(b)(ii)

The undersigned hereby certifies that, to the best of her knowledge, this Brief, in its entirety (exclusive of the cover page, table of contents, index of authorities, signature block, exhibits, affidavits, certificate of service, and this certification), contains 1,053 words (as checked with Microsoft Word 2010's word counting function).

Respectfully submitted,

/s/Megan P. Norris
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
norris@millercanfield.com
P39318

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/Megan P. Norris
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
norris@millercanfield.com
P39318

Dated:  September 28, 2021